ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
MICHAEL G. D'ALBA (State Bar No. 264403)
mdalba@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:22-bk-11335-VZ |
| DOV ARIEH CHARNEY, | Chapter 7 |
| Debtor. | **TRUSTEE'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE SETTLEMENT WITH DEBTOR AND LOS ANGELES APPAREL, INC., RE PROPERTY AT 1809 APEX AVENUE, LOS ANGELES, CALIFORNIA AND AUTHORIZE PAYMENT TO TRUSTEE'S REAL ESTATE BROKER** |
| | Date:    December 12, 203<br>Time:    11:00 a.m.<br>Place:   Courtroom 1368<br>         255 E. Temple St.<br>         Los Angeles, CA 90012 |

Brad D. Krasnoff, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Dov Arieh Charney (the "Debtor"), hereby replies to Secured Creditor Keith Fink's Opposition to Trustee's Motion to Approve Settlement with Debtor and Los Angeles Apparel, Inc. re: Property at 1809 Apex Ave and Allow and Authorize Payment to Trustee's Real Estate Broker (DE 330) (the "Opposition").

1740248.5  2211335A                              1

**MEMORANDUM OF POINTS AND AUTHORITIES**

A. **Approval of the Compromise is Warranted Because Realizing Value from the Apex Property Will Require the Expense, Delay, and Inconvenience of Complex Litigation.**

Fink opposes the Motion on the grounds that the Trustee should sell the Apex Property and avoid the lien of Safdie rather than compromise. Fink states in pertinent part as follows:

- "[The Debtor] will never sue and litigate against his uncle Safdie even though doing so will likely result in the avoidance of $6M or more . . . ."[1]

- "[T]he Trustee acknowledges that even if the Apex Ave property is sold [he would need to win on the avoidance claims against Safdie and Fink to obtain the value in the property]" but that "[r]ather than pursue such claims himself . . . the Trustee now asks this court for permission to 'assign' . . . the claims . . . against Fink and Safdie to avoid their . . . secured interests in the Apex Ave property"[2]

As the Trustee states in the Motion, 17 liens affect the Apex Property. The Trustee analyzed each of those liens, and concluded that there is no equity after the liens in favor of Fink and Safdie.[3]

LAA contends that it is not bound by Standard General's consent to a sale. Such position is set forth as part of the Debtor's opposition (DE 306) to the Turnover Motion as to the Apex Property. If the Court agreed with LAA, the Trustee would be unable to sell the Apex Property at all.

Even if the Trustee overcame the LAA consent issue, he would still have to sell the Apex Property. However, the sale proceeds would not be free and clear funds. Rather, they would remain subject to the liens of Fink and Safdie.

---

[1] Opp. Mot. Approve Compromise p. 2, lines 12-13.

[2] *Id.* p. 5, lines 8-15.

[3] The Broker Application attached to the Motion as Exhibit 2 includes a two-page chart that describes the liens against the Apex Property in detail, including the approximate amounts that are owed. Ex. 2 to Mot. Approve Compromise (DE 325) at DE 325-1, pp. 67-68 (Broker Application).

Resolving the dispute over the Fink and Safdie liens will require "a proceeding to determine the validity, priority, or extent of a lien," which is an "adversary proceeding" that is "governed by the rules of [ ] Part VII" of the Federal Rules of Bankruptcy Procedure.[4]

Therefore, if the Trustee goes the route of selling the Apex Property, the Trustee will still have to litigate because the only way for the Trustee to ultimately realize the equity in the Apex Property is to avoid the Fink and Safdie liens. Attempting to monetize the interest in the Apex Property by selling it to a third party – as opposed to getting money now under the compromise proposed for Court approval – will lead the bankruptcy estate to incur the high financial costs, risks, and delay that attend litigation.

Also, in addition to litigating with Fink and Safdie, the Trustee would need to object to the Debtor's claim of exemption in the Apex Property and possibly challenge the "mansion tax." On the exemption, the Trustee would be required to prosecute an objection under FRBP 4003. On the "mansion tax," the Trustee would need to convert the Bankruptcy Case to one underneath Chapter 11 of the Bankruptcy Code, and then propose and obtain confirmation of a plan of reorganization, or possibly file a complaint to avoid the lien.

Given numerous legal steps required to "unlock" the equity in the Apex Property, it is appropriate in this case to note the tempering language in the section of the Bankruptcy Code that sets forth the duties of a trustee. Yes, the Bankruptcy Code states that a "trustee shall . . . reduce to money the property of the estate," but it also directs a trustee to "close the estate as expeditiously as is compatible with the best interest of parties in interest."[5] In that regard, the *A & C Properties* factors governing the Court's review of the Agreement proposed for approval require the Court to consider the expense, inconvenience, and delay associated with the litigation that the Trustee would

---

[4] FRBP 7001(1).

[5] 11 U.S.C. § 704(a)(1).

be required to pursue in the absence of the Agreement.[6]  Clearly, settlements have always been favored, and litigation is not to be pursued just for litigation's sake.[7]

It might be more convenient <u>for Fink</u> if the Trustee went down the sale and litigation path (or not since the Trustee would be suing Fink as well), but the standard for approval of a compromise is whether the compromise is in the best interest <u>of the estate</u>.  The Trustee has met his burden thereon, and the Court should overrule the Opposition and grant the Motion.

### B. Fink is Not Offering Creditors a Superior Outcome and Seeks to Have the Trustee Pick a Winner in a Priority Dispute

Fink is a secured creditor who in the Opposition argues that the Trustee has a duty to avoid the lien of a rival (to Fink) secured creditor, i.e. Safdie, affecting over-encumbered real property.  If the Trustee were to succeed in avoiding Safdie's lien against the Apex Property, Fink is not offering to transform his now secured status against the Apex Property to that of an unsecured creditor of the bankruptcy estate or subordinate his lien.

On the contrary, were the Trustee to sell the Apex Property, Fink would likely insist on being paid 100 percent dollars from the sale proceeds.[8]  In this regard, Fink seems to be demanding that the Trustee choose which of two secured creditors who may have a priority dispute as to their collateral, i.e., the Apex Property, should prevail against the other.  The Trustee's duties do not include making such a choice.  The Trustee believes that grounds exist to seek avoidance of both the Fink lien and the Safdie lien.  Were the Trustee to sell the Apex Property, he would commence one or more adversary proceedings to avoid both liens.

---

[6] *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986) (citations omitted), cert. denied, 479 U.S. 854, 107 S. Ct. 189 (1986).

[7] *A & C Properties*, 784 F.2d at 1381 (citing *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

[8] Fink has filed a proof of claim as a secured claim.

Also, Fink in his Opposition does not offer a superior financial outcome to the bankruptcy estate than what will be achieved under the Agreement proposed for approval by this Court. Again, Fink focuses on the dispute between his lien and Safdie's lien, and asserts that it is Safdie's lien that should be challenged and avoided.

The Trustee respectfully submits that the Court should approve the Agreement rather than compel the Trustee to intervene in the various disputes between Fink and Safdie.[9]

In further support of the Motion, the Trustee notes that case law addressing compromises favors the Agreement. The Trustee intended to sell the Apex Property and avoid the Fink and Safdie liens and disallow the Debtor's exemption. When the Trustee pressed the rights of the bankruptcy estate to pursue that strategy by, among other things, the Turnover Motion, the Debtor gradually awakened to the possibility that he could lose the Apex Property in a bankruptcy sale and negotiated in earnest a resolution that would permit the Debtor to keep the Apex Property and cash out the Trustee's position, i.e., the Agreement now proposed for approval.

The case at bar is not like *Martinson v. Michael (In re Michael)*, 183 B.R. 230 (Bankr. D. Mont. 1995). In that case, a Montana bankruptcy trustee ignored what was effectively a "wide-open scoring opportunity" for the bankruptcy estate in his case. The trustee in *Martinson* had objected to the debtors' claim of a homestead exemption and sought turnover of the homestead. The debtors on their initial bankruptcy schedules had not claimed a homestead exemption. Also, Montana law provided for a recordation system that required homestead claimants to record a declaration of homestead, but the debtors had first recorded their declaration of homestead *after* having filed the petition to commence their bankruptcy case.[10]

The *Martinson* trustee and the debtors entered into a compromise by which the trustee released the bankruptcy estate's claim as to the debtors' real property in exchange for $1,450. The

---

[9] Were it to do so, the Court would need to determine whether the interest rate claimed by Safdie under Massachusetts law, the law which apparently governs Safdie's loan to the Debtor, should be enforced. Fink asserts that doing so would be improper because it is contrary to California public policy regarding usury.

[10] *Martinson v. Michael (In re Michael)*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

1740248.5  2211335A                   5

motion to approve the compromise under FRBP 9019 drew no objections. However, the bankruptcy court denied the trustee's motion on the grounds that the compromise was not fair and equitable to the creditors of the bankruptcy estate under the *A & C Properties* factors. The Debtors had no valid homestead exemption under Montana law. There was little complexity, the real property could be sold, it was nearly certain that the trustee would prevail, and there was "significant equity" in the property such that creditors could partake of the equity rather than the $1,450 offered by the compromise.[11]

Unlike in *Martinson*, here the Trustee in order to realize on the equity in the Apex Property, would need to engage in extensive litigation that requires undertaking costs, risks, and delay. Rather than walking away from what seemed to be a "sure bet" in exchange for little consideration, as the trustee in *Martinson* appeared to have done, the Trustee has negotiated an agreement that will yield a "sure bet" of $850,000.00 and that contains default mechanisms and remedies that will encourage compliance by the Debtor and LAA.

The Trustee has met the requisite legal standard under *A & C Properties*. The Court should overrule the Opposition and grant the Motion.

### C.     Fink Misstates the Trustee's Duties

Fink argues that because the Trustee owes a duty "to the estate" and creditors – including Fink, and Fink claims that he will be harmed, the Court should not approve the settlement. Fink is simply wrong.

The Trustee indeed has a duty to the creditor body, but not to individual creditors.[12] Clearly Fink has his own interests here, which in various respects are at odds with other creditors. For instance, there is a priority dispute between Fink and Safdie. The Trustee owes a duty to the estate and creditor body as a whole. The Trustee has offered evidence that accepting $850,000 now (payable over two years) will be a better outcome for the estate than selling the Apex Property, and

---

[11] *Id.* at 238-39.

[12] *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996).

litigating with the Debtor, LAA, Safdie and Fink.  While the Court is to consider the "reasonable views of creditors," here Fink's position is not in the best interest of the estate.

**D.** **Conclusion**

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion.  The Trustee further requests that the Court provide such other and further relief as the Court deems just and proper.

DATED:  December 5, 2023              DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: /s/ Michael A. D'Alba
    MICHAEL G. D'ALBA
    Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  TRUSTEE'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE SETTLEMENT WITH DEBTOR AND LOS ANGELES APPAREL, INC., RE  PROPERTY LOCATED AT 1809 APEX AVE., LOS ANGELES, CALIFORNIA AND AUTHORIZE PAYMENT TO TRUSTEE'S REAL ESTATE BROKER

 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  December 5, 2023,  checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  December 5, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012-3332

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 5, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 5, 2023 | Patricia Morris | /s/ Patricia Morris |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                  **F 9013-3.1.PROOF.SERVICE**
1740461.1  2211335A

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Anthony Bisconti**  tbisconti@bklwlaw.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com
- **Greg P Campbell**  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Michael G D'Alba**  mdalba@DanningGill.com, DanningGill@gmail.com;mdalba@ecf.inforuptcy.com
- **Oscar Estrada**  oestrada@ttc.lacounty.gov
- **Todd S. Garan**  ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Marshall F Goldberg**  mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Christopher J Harney**  charney@tocounsel.com, stena@tocounsel.com
- **Eric P Israel**  eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Steven J. Katzman**  skatzman@bklwlaw.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com
- **Brad D Krasnoff (TR)**  BDKTrustee@DanningGill.com, bkrasnoff@ecf.axosfs.com;DanningGill@gmail.com
- **James F Lewin**  james.lewin@mtglawfirm.com, jimlewin7@gmail.com;renee.parker@mtglawfirm.com;ecf@mtglawfirm.com
- **William N Lobel**  wlobel@tocounsel.com, stena@tocounsel.com;sschuster@tocounsel.com
- **Kerri A Lyman**  klyman@steptoe.com, #-FirmPSDocketing@Steptoe.com;nmorneault@Steptoe.com;mhernandez@steptoe.com;aodonnell@steptoe.com
- **Kelly L Morrison**  kelly.l.morrison@usdoj.gov
- **Olaf J Muller**  olaf@olafmullerlaw.com
- **JaVonne M Phillips**  bknotice@mccarthyholthus.com, jphillips@ecf.courtdrive.com
- **Nathaniel W Reinhardt**  nreinhardt@duanemorris.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com
- **Jeffrey M. Reisner**  jreisner@steptoe.com, #-FirmPSDocketing@Steptoe.com;klyman@steptoe.com;nmorneault@Steptoe.com
- **Jason E Rios**  jrios@ffwplaw.com, docket@ffwplaw.com
- **Richard L. Stevenson**  bknotice@mccarthyholthus.com
- **Jeffrey L Sumpter**  jsumpter1@cox.net
- **Jessica Taran**  jtaran@jtaranlaw.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Jennifer C Wong**  bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

2. **SERVED BY U.S. MAIL**

Dov Arieh Charney
1809 Apex Ave
Los Angeles, CA 90026

3. **SERVED BY EMAIL**

| Thomas Watson | Robert Mockler | Frank Seddigh |
| Steptoe & Johnson LLP | Steptoe & Johnson LLP | Seddigh Arbetter, LLP |
| twatson@steptoe.com | rmockler@steptoe.com | fs@sedbetter.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**
1740461.1   2211335A