William N. Lobel, Esq. (State Bar No. 93202)
wlobel@tocounsel.com
Christopher J. Harney, Esq. (State Bar No. 322306)
charney@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, CA 92626
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Attorneys for the Debtor
Dov Arieh Charney

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DOV ARIEH CHARNEY,<br><br>Debtor. | Case No.: 2:22-bk-11335-VZ<br><br>Chapter 7<br><br>**DEBTOR'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE SETTLEMENT WITH DEBTOR AND LOS ANGELES APPAREL, INC., RE PROPERTY AT 1809 APEX AVENUE, LOS ANGELES, CALIFORNIA AND AUTHORIZE PAYMENT TO TRUSTEE'S REAL ESTATE BROKER**<br><br>Hearing Date, Time and Place**:**<br>Date:  December 12, 2023<br>Time:  11:00 a.m.<br>Place: Courtroom 1368<br>         Roybal Federal Building<br>         255 E. Temple Street,<br>         Los Angeles, CA 90012 |

Debtor Dov Charney (the "Debtor") in the above-referenced bankruptcy case, hereby replies to Secured Creditor Keith Fink's Opposition to Trustee's Motion to Approve Settlement with Debtor and Los Angeles Apparel, Inc. re: Property at 1809 Apex Ave and Allow and Authorize Payment to Trustee's Real Estate Broker (DE 330) (the "Opposition").

1290205.1/81961.82002                             1
*DEBTOR'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE*
*SETTLEMENT WITH DEBTOR AND LOS ANGELES APPAREL, INC., RE PROPERTY AT 1809 APEX AVENUE,*
*LOS ANGELES, CALIFORNIA AND AUTHORIZE PAYMENT TO TRUSTEE'S REAL ESTATE* BROKER

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. THE OPPOSITION DOES NOT ADDRESS THE ISSUE BEFORE THE COURT RAISED BY THE MOTION

In his Opposition Fink argues that the Trustee is breaching his fiduciary duty to Fink by not seeking to avoid the lien of Moshe Safdie on the Property which has priority over one of Fink's liens and then selling the Property for the benefit of the creditors of the estate. While that is obviously a result that Fink would like to see occur, he never addresses the real issue before the Court when the Court considers whether to approve the Motion. That issue is whether the terms of the proposed settlement are fair and reasonable given all of the relevant factors facing the Trustee.

As the Trustee states in his Reply to the Opposition, as an independent representative of all of the creditors of the bankruptcy estate, he weighed the alternative courses of action available to him, considered the cost and risk of the litigation he would have to pursue versus the proposed payment of $850,000 to the estate while shifting all of the expense, delay, uncertainty and risk of the litigation to the Debtor and concluded in his reasonable judgment that the proposed terms of the settlement were on balance better for the estate and its creditors than adopting the litigation course of action. The Trustee correctly cites to Martin v. Kane (In re A & C Properties) 784 F,2D 1377 , 1381 (9th Cir. 1986) as setting forth the factors to be considered by the Court when considering a settlement proposed by a Trustee with respect to administration of an estate asset. None of those factors are addressed by Fink in his Opposition The focus is solely on Fink's individual position. He essentially asks the Trustee to take on the very litigation that the Trustee seeks to avoid through the Motion. The Trustee is entitled to reasonably exercise his own discretion. Importantly, the soundness of the Trustee's discretion also is based on the fact that Los Angeles Apparel has agreed to be liable with the Debtor for payments to the estate.

### B. FINK'S RIGHTS ARE NOT AFFECTED BY THE SETTLEMENT

Fink's Opposition essentially seeks to force the Trustee to undertake the litigation expense and risk of avoiding the claim of Moshe Safdie, the Debtor's claim of homestead exemption and the application of the Mansion Tax and then to sell the Property. Of course Fink assumes that his secured claims will be upheld and will receive substantial proceeds from the sale. By assigning these rights

1290205.1/81961.82002    2

*DEBTOR'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE
SETTLEMENT WITH DEBTOR AND LOS ANGELES APPAREL, INC., RE PROPERTY AT 1809 APEX AVENUE,
LOS ANGELES, CALIFORNIA AND AUTHORIZE PAYMENT TO TRUSTEE'S REAL ESTATE BROKER*

to the Debtor in exchange for a cash payment of $850,000 Fink argues that the Trustee is breaching his fiduciary duty to the creditors, and especially to Fink. In fact, the settlement does not affect Fink's rights at all. If Fink believes the Safdie lien is avoidable and has priority over his later recorded trust deed he has the right to seek to avoid the Safdie lien, and by bringing a foreclosure action with respect to either or both of his trust deeds he can force the Debtor to either sell the property and pay to Fink the proper amount of the debt supporting those liens, or Fink will obtain a windfall from credit bidding and becoming the owner of the Property.

Similarly, if either the application of the Debtor's claimed homestead exemption or the Mansion Tax would have the effect of reducing the amount Fink would be paid from a sale of the Property he would have standing to dispute the application of that exemption or tax. Fink's right to attack those positions remains exactly the same before and after the settlement. The only difference is that the Trustee has determined that he will not take those actions in exchange for receiving $850,000 for the estate, and as a result if Fink wants to be paid with respect to his lien, he will have to bear the cost and the risk of avoiding the liens and claims with priority over his lien. As a result of the settlement it is now the Debtor and Los Angeles Apparel that are taking the risk that they will pay $850,000 and gain no real benefit if Fink successfully avoids the Safdie lien and the Debtor's claim of homestead exemption. Under the circumstances the Trustee has avoided all risk and cost of doing Fink's work for him in exchange for a substantial financial payment to the estate, and has done nothing to affect Fink's rights to take whatever action he deems appropriate to obtain whatever value he deems he deserves from the Property.

**CONCLUSION**

For the foregoing reasons the Debtor believes that the Trustee's decision to enter into the settlement sought to be approved was a fair and reasonable exercise of his independent judgment and the Court should approve the Motion.

DATED: December 5, 2023        THEODORA ORINGHER PC

By:    */s/ William N. Lobel*
       Michael G. D'Alba
       Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

1290205.1/81961.82002                    4

*DEBTOR'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE SETTLEMENT WITH DEBTOR AND LOS ANGELES APPAREL, INC., RE PROPERTY AT 1809 APEX AVENUE, LOS ANGELES, CALIFORNIA AND AUTHORIZE PAYMENT TO TRUSTEE'S REAL ESTATE* BROKER

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 535 Anton Blvd., Ninth Floor, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE SETTLEMENT WITH DEBTOR AND LOS ANGELES APPAREL, INC., RE PROPERTY AT 1809 APEX AVENUE, LOS ANGELES, CALIFORNIA AND AUTHORIZE PAYMENT TO TRUSTEE'S REAL ESTATE BROKER** will be served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **12/05/2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **12/05/23**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Vincent P. Zurzolo (personal delivery)
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/05/2023 | Sara Tena | /s/ Sara Tena |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1290205.1/81961.82002  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                           F 9013-3.1.PROOF.SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Anthony Bisconti** tbisconti@bklwlaw.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com
- **Greg P Campbell** ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Michael G D'Alba** mdalba@DanningGill.com, DanningGill@gmail.com;mdalba@ecf.inforuptcy.com
- **Oscar Estrada** oestrada@ttc.lacounty.gov
- **Todd S Garan** ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Marshall F Goldberg** mgoldberg@glassgoldberg.com, jbailey@glassgoldberg.com
- **Christopher J Harney** charney@tocounsel.com, stena@tocounsel.com
- **Eric P Israel** eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Steven J. Katzman** skatzman@bklwlaw.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com
- **Brad D Krasnoff (TR)** BDKTrustee@DanningGill.com, bkrasnoff@ecf.axosfs.com;DanningGill@gmail.com
- **James F Lewin** james.lewin@mtglawfirm.com, jimlewin7@gmail.com;renee.parker@mtglawfirm.com;ecf@mtglawfirm.com
- **William N Lobel** wlobel@tocounsel.com, stena@tocounsel.com;sschuster@tocounsel.com
- **Kerri A Lyman** klyman@steptoe.com, #-FirmPSDocketing@Steptoe.com;nmorneault@Steptoe.com;mhernandez@steptoe.com;aodonnell@steptoe.com
- **Kelly L Morrison** kelly.l.morrison@usdoj.gov
- **Olaf J Muller** olaf@olafmullerlaw.com
- **JaVonne M Phillips** bknotice@mccarthyholthus.com, jphillips@ecf.courtdrive.com
- **Nathaniel W Reinhardt** nreinhardt@duanemorris.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com
- **Jeffrey M. Reisner** jreisner@steptoe.com, #-FirmPSDocketing@Steptoe.com;klyman@steptoe.com;nmorneault@Steptoe.com
- **Jason E Rios** jrios@ffwplaw.com, docket@ffwplaw.com
- **Richard L. Stevenson** bknotice@mccarthyholthus.com
- **Jeffrey L Sumpter** jsumpter1@cox.net
- **Jessica Taran** jtaran@jtaranlaw.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **Jennifer C Wong** bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

1290205.1/81961.82002    This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE